**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

JOSE PAYANO                              :
                                         :
                  Petitioner             :        CIVIL ACTION NO. 3:CV-16-2029
                                         :
         v.                              :        (Judge Nealon)
                                         :
CRAIG A. LOWE, et al.,                   :
                                         :
                  Respondents            :

**MEMORANDUM**

Petitioner, a detainee of the Immigration and Customs Enforcement

("ICE"), currently confined in the Pike County Prison, Lords Valley, Pennsylvania,

filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241.  (Doc. 1).  Payano challenges his continued detention by the ICE.  (Id.).

Because Petitioner's ninety (90) day removal period has yet to expire, the petition

will be dismissed as premature.

**I.   Background**

Petitioner is a citizen and native of the Dominican Republic. (Doc. 6-2 at 3,

Notice to Appear).  On November 28, 2012, immigration officials issued a Notice to

Appear charging Petitioner as removable from the United States pursuant to sections

212(a)(2)(A)(i)(I), 212(a)(2)(A)(i)(II), and 212(a)(2)(C) of the INA based on an

April 23, 2010 drug trafficking conviction.  Id.  Additional charges of

inadmissibility were issued on December 11, 2015 based on a federal conviction to commit mail fraud through bribery.  (Doc. 6-2 at 6, Additional Charges of Inadmissibility/Deportability).

On June 7, 2016, an Immigration Judge denied Petitioner's application for deferral of removal under Article III of the Convention Against Torture and ordered Petitioner removed to the Dominican Republic.  (Doc. 6-2 at 7, Order of the Immigration Judge).

On October 6, 2016, the Board of Immigration Appeals affirmed the decision of the Immigration Judge that Petitioner failed to meet the burden of proof for relief under the Convention Against Torture. (Doc. 6-2 at 9, BIA Decision).

Petitioner then filed a petition for review with the United States Court of Appeals for the Third Circuit, which, on November 8, 2016, lifted Petitioner's temporary stay of removal and denied Petitioner's motion to stay his removal because "Petitioner has not shown a likelihood of success on the merits of his petition for review."  (Doc. 6-2 at 12, Order).

On October 6, 2016, Petitioner filed the above-captioned action, challenging his detention by immigration officials.  (Doc. 1, petition).

## II.      <u>Discussion</u>

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  <u>See</u> 8 U.S.C. §1231(a).  Section 1231(a)(1)(B) specifically provides:  The removal period begins to run on the latest of then following:

> (i)  The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

<u>See</u> 8 U.S.C. §1231(a)(1)(B).  At the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§1231(a)(3) and (6).

In <u>Zadvydas vs. Davis</u>, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the ninety (90) day removal period or

3

only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following the Supreme Court's decision in Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8

C.F.R. §241.4.  Prior to the expiration of the ninety (90) day removal period, the

district director shall conduct a custody review for an alien where the alien's

removal, while proper, cannot be accomplished during the prescribed period.  8

C.F.R. §241.4(k)(1)(i). When release is denied pending the removal, the district

director may retain responsibility for custody determinations for up to three months

or refer the alien to the HQPDU for further custody review.  8 C.F.R.

§241.4(k)(1)(ii).

Petitioner's removal period began on October 6, 2016, the date the BIA

denied his appeal.  See 8 U.S.C. §1231(a)(1)(B)(i).  However, the ninety-day

removal period did not commence until November 8, 2016, when the Third Circuit

lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the

requirements for a stay of removal pending a decision on his petition for review.

See Wilson v. Green, Civil Action No. 16-1906, 2016 WL 4571389 at * 2-3 (D.N.J.

Sept. 1, 2016) (alien's detention during temporary stay of removal was governed by

§ 1226(c), but reverted to § 1231 when Third Circuit lifted temporary stay and

denied motion for stay of removal) (citing Leslie v. Attorney Gen. of the United

States, 678 F.3d 265, 270 (3d Cir. 2012)).  Therefore, the ninety-day period of

removal for Petitioner commenced on November 8, 2016, and expires on February

6, 2017.  Thus, his detention is mandatory pursuant to §1231 until February 6, 2017.

Petitioner brought this action before the ninety day period expired.   Moreover, he is

still in the presumptively reasonable removal period of six (6) months established in

Zadvydas.  Accordingly, his habeas petition is premature.  If Petitioner remains

detained beyond the six (6) month period allowed by Zadvydas, he may file a new §

2241 petition reasserting that claim.  Thus, the petition for writ of habeas corpus will

be dismissed.

      A separate Order will be issued.


Dated: November 30, 2016          /s/ William J. Nealon     
                                   **United States District Judge**